PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL ACEVEDO, Defendant and Appellant.

No. 3827. Argued November 7, 1929.—Decided December 23, 1929.

*E. Martínez Avilés*, for appellant.   *R. A. Gómez*, for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The cause herein was begun by the filing in the Municipal Court of Utuado of a complaint, which, in so far as pertinent here, reads as follows:

". . . . file this complaint against Manuel Acevedo, who resides in Camuy, Porto Rico, for a violation of section 5 of Act No. 19 of 1923, as amended by Act No. 100 of 1925 and Act No. 24 of 1927, committed as follows: That in July, 1928, in Utuado, which forms part of the judicial district of Arecibo, Porto Rico, the defendant Manuel Acevedo, who is not a grower, wilfully and maliciously failed to pay tobacco inspection fees amounting to $174, corresponding to 543 bales or 87,144 lbs. of tobacco, which he sold and shipped during the month of July, 1928, and which inspection fees should have been paid as provided by the said Act and within the time prescribed in the regulations in force issued on June 1, 1927 for that purpose by the Treasurer of Porto Rico, . . ."

After he was convicted in the municipal court, the defendant appealed to the District Court of Arecibo and demurred there to the complaint on the ground that the facts with which he was charged did not constitute a public offense. The demurrer was overruled, and after a trial *de novo* the district court sentenced the defendant to pay a fine of one hundred dollars and, in case of default in such payment, to be confined in jail one day for each dollar left unpaid.

Thereupon the defendant appealed to this court. He has assigned as an only error the overruling of his demurrer by the district court.

The facts charged against the defendant have already been

stated. The act which is claimed to have been violated (Acts of 1927, p. 160) is as follows:

"Section 5.—Guaranty stamps shall be furnished gratis and an inspection fee shall be charged only in the following manner: Every manufacturer, dealer in or stripper of tobacco in Porto Rico, who uses, sells or ships tobacco, whatever its origin may be, shall pay an inspection fee of twenty (20) cents for each one hundred pounds used, sold or shipped by him during the month.

"Tobacco growers shall be exempt from the provisions of this Act, provided that the tobacco be harvested by them and sold in its original form in Porto Rico. Original form shall be understood to mean tobacco baled after being taken from stowage, but if the tobacco has been classified and packed or stripped, then it shall· be subject to the strict compliance with the provisions of this Act.

"The fees shall be paid in special stamps, in such manner as the Treasurer of Porto Rico shall by regulations prescribe.

"Every manufacturer, dealer, or stripper of tobacco, or other person who, under the provisions of this Act, is required to pay the inspection fees hereby established and who shall fail to pay same within the time and in the manner which the Treasurer of Porto Rico shall by regulations prescribe, shall be guilty of a misdemeanor . . ."

The defendant contends that, as it is not alleged in the complaint that he was a tobacco dealer, he is not charged with the offense defined and punished by the said act.

We do not agree with that contention. Growers are exempt under the statute, and the complaint goes so far as to negative the exemption by alleging, as it does, that the defendant is not a grower. The statute punishes "every manufacturer, dealer, or stripper of tobacco, or other person" who commits the act which it prohibits. It is true that the complaint does not expressly allege that the defendant is a *manufacturer, dealer,* or *stripper,* but it does allege in effect that he is the *other person* which the statute had in contemplation, since the complaint states: "Manuel Acevedo, who resides in Camuy, P. R.," a person, "wilfully and maliciously failed to pay tobacco inspection fees amounting to $174 corresponding to 543 bales or 87,144 lbs. of tobacco, which he sold . . . ."

It was precisely for the purpose of including, without any distinction whatever, cases such as the present one that the fourth paragraph of said section 5 of the violated act, which is the paragraph fixing the penalty, was amended and its scope extended. The *other person* referred to in said paragraph becomes by his own acts a dealer, and hence one of the dealers referred to in the first paragraph. Otherwise, the question might arise as to whether the dealer punished by the statute is only the one who is regularly occupied as such and who is subject to all the legal requirements and regulations pertaining to the business, thus placing the person who fulfills his legal duties in a position of inferiority as regards one who evades such fulfillment.

The exercise of commerce is free. But the Legislature may regulate such exercise, although it can not prohibit, for instance, that a person sell to another a lot of tobacco. Now, since it would be an injustice to require compliance with the regulations which impose the payment of certain inspection fees, only from regular dealers, who keep books subject to examination, and not from those occasionally engaging in the same business, the Legislature may impose the payment of such fees upon the occasional as well as upon the regular dealer, and it may, likewise, subject the former to the penalty involved in any violation of the act.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.